On Rehearing.
PER CURIAM.
Appellee in its application for rehearing correctly points out that we erred in stating that should the occasion arise in which a board or commission member is called upon to perform a duty or make a decision in his official capacity with respect to a transaction wherein a conflict of interest arises, he need only disqualify himself under the provisions of LSA-R.S. 42:1112 C. LSA-R.S. 42:1117 specifically excludes application of R.S. 42:1112 in the case of members of boards or commissions appointed by the Governor and not otherwise full-time state employees “as defined in R.S. 42:1111.” The term “full-time state employee” is not separately defined in R.S. 42:1111, but, taking the term in its most common signification we must concede that the appellant would not be considered embraced within its meaning.
Nevertheless our original opinion shows that our decision was not based on the possible application of the said section to the facts of this case.
Neither are we called upon to l'ule upon the possible applicability of LSA-R.S. 56 :- 1621 which prohibits exploitation of natural resources of the state by certain state officials and employees, as suggested by appellee. The applicability and interpretation of that statute and the constitutional problems connected therewith must await a proper case in which such questions are presented for determination.
Rehearing denied.